IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ISIDRO VILLANUEVA, II, §
 §
    Applicant, §
 §
VS. § NO. 4:18-CV-858-A
 §
ERIC A. WILSON, WARDEN, §
 §
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Isidro Villanueva, II, for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of Eric. D. Wilson, Warden, the reply, the record, and applicable authorities, finds that the application must be denied.

I.

Background

Applicant is an inmate assigned to the Federal Medical Center in Fort Worth. Doc.[2] 1 at 1. He was arrested on November 1, 2011, in Grayson County, Texas, for possession of a controlled substance (methamphetamine). November 3, 2011, he was released on

---

[1] The document filed by applicant reflects that it is a "petition" and that he is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

bond. On July 25, 2012, he was re-arrested for the same charge. Doc. 10 at 1. On August 8, 2012, applicant was convicted and sentenced for possession of a controlled substance in Case No. 061775 in the 397th Judicial District Court of Grayson County. He was sentenced to 8 years' confinement, with credit for November 1-3, 2011, and July 25 to August 7, 2012, for a total of 17 days' prior custody credit. Id. at 2, 7-8.

On September 17, 2012, applicant was taken into temporary custody by the U.S. Marshal pursuant to a writ of habeas corpus ad prosequendum signed September 12, 2012. Doc. 10 at 2, 10, 13. On July 11, 2014, applicant was sentenced in Case No. 4:12CR00181-002 in the United States District Court for the Eastern District of Texas, Sherman Division, to a term of imprisonment of 151 months to run concurrent with the sentence imposed in Case No. 061775 in the 397th Judicial District Court of Grayson County, Texas. Id. at 2, 16-22. Following sentencing, applicant was returned to the Texas Department of Criminal Justice. Id. at 2, 13.

On May 7, 2015, applicant was paroled from his state sentence and released to federal custody. Doc. 10 at 2, 24. On May 27, 2016, applicant's sentence was reduced to a term of 130 months pursuant to 18 U.S.C. § 3582(c)(2). Id., 2, 26.

The Bureau of Prisons has calculated applicant's federal sentence commencing July 11, 2014, the date the sentence was imposed. Doc. 10 at 3. It applied qualified presentence credit of 17 days (November 1-3, 2011, and July 25 to August 7, 2012). With projected good conduct time, applicant's release date is December 1, 2023. Id. at 3, 29.

II.

Grounds of the Application

Applicant asserts two grounds in support of his application. Under ground one, he asserts an abuse of discretion by the Bureau of Prisons for failing to award sentence credits he says he has earned. In his second ground, he asserts a due process violation in the execution of his sentence based on the same alleged failure to credit him for time served in state custody. Doc. 1 at 5-6. The gist of the arguments is that applicant is entitled to credit for all time spent in state custody prior to his federal sentence. Id. Applicant seeks jail credits from August 8, 2012, through July 11, 2014. Id. at 7.

III.

Analysis

Title 18 U.S.C. § 3585 determines when a federal sentence commences and whether credit against that sentence must be granted for time spent in official detention before the sentence

3

began. Reno v. Koray, 515 U.S. 50, 55 (1995). The statute provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). The United States Attorney General is responsible for sentence computation. United States v. Wilson, 503 U.S. 329, 334-35 (1992). This authority has been delegated to the Bureau of Prisons. Id.

As the Supreme Court has noted, the statute clearly and unambiguously prohibits giving a prisoner credit for time that has already been credited toward another sentence. Wilson, 503 U.S. at 337. The time applicant served prior to his federal sentence was credited to his state sentence. His federal sentence could not commence before it was imposed, even if made concurrent with a sentence already being served. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). The Bureau of Prisons

4

designated the state facility for service of applicant's federal sentence, Doc. 10 at 3, 33, effecting commencement of his sentence on the date it was imposed. Applicant has received all the credit he is due. See Gonzalez v. United States, 199 F.3d 438 (5th Cir. 1999); Cruz v. Fox, No. 1:06CV414, 2009 WL 2970620, at *3-4 (E.D. Tex. Sept. 8, 2009).

Applicant refers to USSC § 5G1.3(b), alleging that the sentencing court applied that provision but left it to the Bureau of Prisons to calculate the credits applicant was to receive. Doc. 1 at 5. The record does not support the allegation. Rather, the record reflects that applicant has filed at least three motions for relief with the sentencing court in this regard and that all have been denied. Doc. 10 at 42-75. In sum, the sentencing court appears to have been satisfied with the sentence it imposed. An attack on that sentence is not a subject for this court's consideration. 28 U.S.C. § 2255.

IV.

Order

The court ORDERS that the application be, and is hereby, denied.

SIGNED January 10, 2019.

_____
JOHN McBRYDE
United States District Judge